## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

| | |
|---|---|
| Jerome Campbell,<br><br>     Plaintiff,<br>v.<br><br>Cavalry SPV I, LLC, and Gurstel Chargo, P.A.,<br><br>     Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") including harassing, abusive, misleading, and unfair collection practices, and Minnesota state common law.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692 *et seq.* and 28 U.S.C §§ 1331 and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4.      Plaintiff, Jerome Campbell (hereinafter "Plaintiff"), is a natural person who resides in the City of South Saint Paul, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Cavalry SPV I, LLC (hereinafter "Defendant Cavalry" or "Cavalry"), is a foreign limited liability company in the business of purchasing and collecting debts, is incorporated under the laws of the State of Delaware, is licensed to do business in the State of Minnesota and regularly conducts business in said State, has a principal place of business located at 500 Summit Lake Drive, Valhalla, New York 10595, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant, Gurstel Chargo, P.A. (hereinafter "Defendant Gurstel" or "Gurstel"), is a domestic professional association and law firm practicing in the area of debt collection services, is incorporated under the laws of the State of Minnesota, is licensed to do business in the State of Minnesota and regularly conducts business in said State, has a principal place of business located at 6681 Country Club Drive, Golden Valley, Minnesota 55427, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.      This matter involves an alleged credit card debt owed to Citibank, N.A. (hereinafter "Citibank") and attempted debt collection regarding the alleged debt by Defendants.

8.      This alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9.      At some time prior to the commencement of this action, Citibank allegedly sold or assigned the alleged debt to Defendant Cavalry who in turn engaged Defendant Gurstel to collect the alleged debt.

10.     In or around May, 2015, Plaintiff received a Notice of Hearing in the mail for a Conciliation Court Hearing in Dakota County regarding the aforementioned alleged debt that was to occur on July 17, 2015.

11.     On July 17, 2015, at 1:30 P.M., this matter came before Judicial Officer Roger Kramer for a hearing.

12.     Defendant Cavalry was represented by an attorney with Defendant Gurstel and Plaintiff appeared *pro se*.

13.      During the hearing, Plaintiff argued that the alleged debt obligation stemmed from a credit card he once opened in or around the late 1990s while he was living in Illinois, and that he last made payment on the alleged debt obligation in 2001.

14.     Defendant Gurstel argued, on behalf of Defendant Cavalry, that Plaintiff last made payment in 2009, but was unable to provide the Court with any evidence in support of such claim.

15.     Judicial Officer Roger Kramer then entered an Order for Judgment on Claim and Counterclaim dated July 17, 2015, in favor of Plaintiff Campbell.

16.   The Order for Judgment stated the following, "Matter arose in Illinois, barred by applicable statute of limitations, no connection shown between debt and Minnesota."

17.   Defendants Cavalry and Gurstel's decision to initiate legal process against Plaintiff in relation to an alleged debt obligation for which collection was barred by the applicable statute of limitations, was conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged debt obligation, in violation of 15 U.S.C. § 1692d.

18.   Defendants Cavalry and Gurstel's decision to initiate legal process against Plaintiff in relation to an alleged debt obligation for which collection was barred by the applicable statute of limitations, constituted a false representation and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

19.    Defendants Cavalry and Gurstel's decision to initiate legal process against Plaintiff in relation to an alleged debt obligation for which collection was barred by the applicable statute of limitations, was an unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

20.   Defendants Cavalry and Gurstel's decision to initiate legal process against Plaintiff in the wrong county in violation of 15 U.S.C. §1692i and in relation to an alleged debt obligation for which collection was barred by the applicable statute of limitations, was done in an attempt to pressure Plaintiff into paying or settling the alleged debt amount, which constituted the use of process to accomplish a result not

within the scope of the proceedings, and was therefore an abuse of process and an invasion of privacy—intrusion upon Plaintiff's seclusion.

21.  Defendants Cavalry and Gurstel initiated and maintained a legal claim against Plaintiff, demanding payment of an alleged debt obligation, without probable cause or reasonable belief that it could ultimately prevail on the merits, did so with malicious intent, and Plaintiff ultimately prevailed on the legal claim brought against him, thereby substantiating a claim for malicious prosecution.

22.  That as a result of Defendants' conduct, Plaintiff suffered damages in the form of out of pocket loss, wasted time, depression, hopelessness, anxiety, loss of sleep, fear, and mental anguish.

## TRIAL BY JURY

23.  Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

24.  Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

25.  The foregoing intentional and negligent acts and omissions of Defendants Cavalry and Gurstel constitute violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692i and 1692f.

5

26. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual and statutory damages and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT II.

## ABUSE OF PROCESS

27. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

28. The essential elements for a cause of action for abuse of process are the existence of an ulterior purpose and the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued, whether such a result might otherwise be lawfully obtained or not. *See Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997).

29. Defendants Cavalry and Gurstel brought a claim against Plaintiff demanding payment of an alleged debt obligation that was barred by the applicable statute of limitations, which was for the ulterior purpose of pressuring Plaintiff into paying or settling the alleged debt amount that Plaintiff did not owe by law.

30. Defendants Cavalry and Gurstel made an illegal, improper, perverted use of process, a use neither warranted nor authorized by statute.

31. Defendants Cavalry and Gurstel had an ulterior motive or purpose.

32. Plaintiff suffered damages as a direct result of the irregularities.

## COUNT III.

## MALICIOUS PROSECUTION

33. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint

6

as though fully stated herein.

34.    A claim for malicious prosecution lies if (1) an action is brought without probable cause or reasonable belief that the plaintiff will ultimately prevail on the merits, (2) the action is instituted and prosecuted with malicious intent, and (3) the action is terminated in the defendant's favor.  *Dunham v. Roer*, 708 N.W.2d 552, 569 (Minn. Ct. App. 2006) (citing *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997)); *Stead-Bowers v. Langley*, 636 N.W.2d 334, 338 (Minn. Ct. App. 2001).

35.    Defendants Cavalry and Gurstel initiated and maintained a legal claim against Plaintiff, demanding payment of an alleged debt obligation, without probable cause or reasonable belief that it could ultimately prevail on the merits.

36.    This claim was brought with malicious intent.

37.    Attorneys for Defendant Cavalry, Defendant Gurstel, were an instrumentality for the perpetration of fraud, and have no immunity.  *See Hoppe v. Klapperich*, 28 N.W.2d 780, 788 (Minn. 1947).

38.    The action brought by Defendant Gurstel, on behalf of Defendant Cavalry, was terminated in Plaintiff's favor.

39.    Defendants' action against Plaintiff constitutes malicious prosecution.

## COUNT IV.

## INVASION OF PRIVACY – Intrusion Upon Seclusion

40.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.    Defendants Cavalry and Gurstel intentionally intruded upon Plaintiff's solitude,

seclusion, and private concerns and affairs when they decided to initiate legal process against Plaintiff in relation to an alleged debt obligation for which collection was barred by the applicable statute of limitations.

42.     Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

43.     Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

44.     As a result of Defendants' intrusion, Plaintiff has suffered emotional distress, out-of-pocket loss, and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

- awarding actual damages for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);
- awarding statutory damages of $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- awarding costs and reasonable attorneys' fees for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3);
- awarding actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;
- awarding actual and compensatory damages for Abuse of Process in a reasonable amount;
- awarding actual and compensatory damages for Malicious Prosecution in a reasonable amount;
- awarding damages for Invasion of Privacy; and
- for such other and further relief as it may deem just and appropriate.

Dated this 29th day of January, 2015.    Respectfully submitted,


By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Hans W. Lodge, Esq.
Attorney I.D. #: 0397012
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommycjc@aol.com
Email: hans@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF MINNESOTA      )
                                 ) ss
COUNTY OF <u>Dakota       </u>      )

        I, Jerome Campbell, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                       <u>s/ Jerome Campbell                        </u>
                                       Jerome Campbell

Subscribed and sworn to before me
This 16th day of October, 2015.


<u>s/ Thien-Huong Diem Trinh         </u>
Notary Public